**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**EDWARD WILLIAM WALLACE, SR.,**

    **Plaintiff,**

**vs.**                                                                                          **3:08CV350-RV/AK**

**LARRY CASKEY, et al,**

    **Defendants .**

_____/

**O R D E R**

    This cause is before the court upon Plaintiff's filing of an amended civil rights complaint under 42 U.S.C. § 1983.  (Doc. 9).  From a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. Consequently, the Clerk will mail to him another civil rights complaint that Plaintiff must complete in its entirety.  He does not need to file any service copies of the complaint at this time.

    Plaintiff alleges that he was beaten by several officers during his booking at the Okaloosa Jail.  (Doc. 9).  As a result of the beating and medical neglect by Defendant Nurse Dunkle, he alleges that he continues to suffer pain, numbness, blurred vision, headaches and other physical problems.  Plaintiff has asserted sufficient claims of excessive force against Defendants Hanratty, Fickett, Roper, Tobin, Nabors, and Burke, and for indifference to medical needs against Defendant Dunkle, for his case to go forward as to these Defendants, but he has not alleged sufficient claims against the jail

administrator, Defendant Caskey, nor has he alleged facts to support a Fourth Amendment claim.

First, Caskey is not liable for the actions of his employees simply by virtue of his position as supervisor, as Plaintiff was advised by the Court's previous order. (Doc. 6). Also, there is no "inferred compliance" with the actions of his employees under the facts set forth in the complaint. Plaintiff has not alleged any participation or even knowledge by Defendant Caskey of the events underlying the complaint. Without more, Defendant Caskey should be deleted from the second amended complaint, if Plaintiff chooses to file one.

Finally, any reference to a Fourth Amendment claim should be deleted from a second amended complaint since the facts indicate that the excessive force was not used during the arrest, but afterwards in the jail during booking. The complaint states that the Crestview Police Department arrested Plaintiff and he was transferred to Okaloosa Jail when the allegations of excessive force are made.

If Plaintiff chooses to file a second amended complaint, he must name as Defendants only those persons noted above who are responsible for the alleged constitutional violations. He should delete Defendant Caskey. Plaintiff must place the full names of the other Defendants in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See, e.g.*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). In presenting his claims, Plaintiff

must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint."  Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints.  An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded.  N.D. Fla. Loc. R. 15.1.  Plaintiff should file the amended complaint in the Court and keep one identical copy for himself.  Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **January 26, 2009.**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

**DONE AND ORDERED** this  _**6**$^{th}$_ day of January, 2009.

            *s/ A. KORNBLUM*
            **ALLAN KORNBLUM**
            **UNITED STATES MAGISTRATE JUDGE**