**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**EDWARD WILLIAM WALLACE, SR.,**

    **Plaintiff,**

**vs.**                                              **CASE NO. 3:08CV350-RV/AK**

**LT. HANRATTY, et al,**

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that Defendants, correctional officers at Okaloosa County Jail, used excessive force against him, and Defendant Nurse Dunkle, refused to provide medical treatment after he was beaten unconscious. (Doc. 13). Defendants Hanratty, Roper, Burke, Fickett, Tobin and Nabors have filed a motion to dismiss for failure to exhaust administrative remedies (doc. 37),[1] and Defendant Dunkle has joined in their motion. (Doc. 38).

---

[1] Although Defendants have attached materials to their motion, the Court finds it unnecessary to convert this motion to one of summary judgment since the materials (Okaloosa County Inmate Rules and Regulations) are included in pertinent part in the body of the motion and it is unnecessary to consider the additional materials to make a determination on the issue presented.

I.      **Allegations of the Second Amended Complaint (doc. 13)**

Plaintiff claims that when he was transported to the Okaloosa County Jail on July 5, 2008, he was held in a restraint chair during intake booking and Defendants Hanratty, Fickett, Roper, Tobin, Nabors, and Burke hit and kicked him to the point of unconsciousness. When he came to, he was being inspected by Nurse Dunkle and complained to her of his pain, but she refused him any medical treatment.

Plaintiff responded that he did not file a grievance on the issue, but he did write a letter to the county commissioners requesting an investigation. (Doc. 13, p. 4-5).

II.     **Analysis**

Since passage of the PLRA, 42 U.S.C. § 1997e(a) now provides: "*No action shall be brought* with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." (Emphasis added.) The exhaustion requirement of § 1997e(a) is mandatory, whether the claim is brought pursuant to § 1983 or Bivens. Alexander v. Hawk, 159 F.3d 1321, 1324-26 (11th Cir. 1998). There is no discretion to waive this requirement or provide continuances of prisoner litigation in the event that a claim has not been exhausted prior to filing. Alexander, 159 F.3d at 1325; *see also* Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.");

**No. 3:08cv350-RV/AK**

Higginbottom v. Carter, 223 F.3d 1259, 1260-61 (11th Cir. 2000) (holding that an excessive force claim is subject to the exhaustion requirement); Brown v. Sikes, 212 F.3d 1205, 1207-08 (11th Cir. 2000) (finding that an inmate must "provide with his grievance all relevant information reasonably available to him" but he cannot be required to name individuals responsible for challenged conduct when he could not yet identify those persons).  Furthermore, this Court may not consider the adequacy or futility of administrative remedies, but only the availability of such.  Higginbottom, 223 F.3d at 1261, *citing* Alexander, 159 F.3d at 1323.  Even where an inmate seeks only monetary damages in a civil rights case, he must complete the prison administrative process if it could provide some sort of relief on the complaint although no money could be given administratively.  Booth v. Churner, 531 U.S. 956, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001).  An inmate must not only commence the grievance process, he must perfect his appeal to the highest administrative level in the process.  Alexander, 159 F.3d at 1323.

Recently, the Supreme Court upheld the law of the Eleventh Circuit and reaffirmed that the exhaustion requirement of the Prisoner Litigation Reform Act (PLRA) is mandatory and necessary.  Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006).  In Woodford, the Supreme Court referred to exhaustion as the "centerpiece" of the PLRA, and cited with approval the Eleventh Circuit's position that exhaustion is a mandatory provision, no longer left to the discretion of the district court, and that **a prisoner must complete the process as the institution requires, including appeals**.  Id., at 2384.  (Emphasis added).  The policies cited by the Court for making exhaustion mandatory

**No. 3:08cv350-RV/AK**

are that it provides prisoners with an effective incentive to use the process, which gives the institution a fair opportunity to correct its own errors; and thereby, reduces the number of prisoner suits and improves the quality of the lawsuits that are filed in federal court. Id., at 2387-2389. The Court also noted that proper exhaustion "often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved." Id.

The Okaloosa Jail utilizes a three-tiered grievance system much like the Florida Department of Corrections. Inmates are first encouraged to seek informal redress from the Post Officer, but if this fails an Inmate Request should be filed that will be reviewed by a Grievance Officer within seven days. (Doc. 37, pp. 3-4). If the inmate is not satisfied he may appeal the decision within seven days and a response to the appeal will be forthcoming within seven days. (Doc. 37, pp. 3-4). Final appeals are made to the facility director and must be made within seven days. (Doc. 37, p. 4). A response will made by the director within 15 working days. (Doc. 37, p. 4).

Plaintiff responded "No" to the question "Did you submit a grievance concerning the facts relating to your complaint?," but offered that he wrote a letter to the county commissioners. (Doc. 13, p. 4 ). In his belated response to the pending motions, he contends for the first time that he filed two separate grievances dated July 29, 2008, and August 1, 2008, which he has attached to the memorandum. (Doc. 56). He has

**No. 3:08cv350-RV/AK**

also attached pictures of himself at booking that shows his face was bruised and swollen.

Even assuming that Defendants overlooked these grievances, as did Plaintiff when he filed his complaint, Plaintiff is required not only to initiate the grievance process, but to exhaust it, that is he must take the process to the highest appeal level.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motions (docs. 37 and 38) be **GRANTED**, and that Plaintiff's amended complaint (doc. 13)  be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e).

**IN CHAMBERS** at Gainesville, Florida, this 30th  Day of December, 2009.


s/ A Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 3:08cv350-RV/AK**