**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

EDWARD WILLIAM WALLACE, SR.,

      Plaintiff,

vs.                                        CASE NO. 3:08CV350-RV/AK

L. T. HANRATTY, et al,

      Defendants.
_____/

**ORDER**

      This matter is presently before the court on the Report and Recommendation of the Magistrate Judge (doc. 59), recommending that motions to dismiss filed by the defendants be granted, and that the case be dismissed for the plaintiff's failure to exhaust administrative remedies. The plaintiff has filed objections to the Report and Recommendation, which I have reviewed de novo pursuant to Title 28, United States Code, Section 636(b). Having considered the Report and Recommendation, and the plaintiff's objections thereto, I have determined that the Report and Recommendation should be ADOPTED, with the following additional comments regarding the plaintiff's objections.

      The plaintiff, an inmate at the Okaloosa County Jail at the time relevant here, brought this case under section 1983. He alleges excessive force, denial of medical treatment, and violations of due process and equal protection. These claims were subject to the administrative exhaustion requirements under the Prison Litigation Reform Act ("PLRA"). See also 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

until such administrative remedies as are available are exhausted.").

As the Report and Recommendation properly notes, exhaustion of remedies is mandatory. Writing for a unanimous court, Chief Justice John Roberts stated in Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007): "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Id. at 211 (2007); see also id. at 219-20 ("All agree that no unexhausted claim may be considered."). Thus, "a district court must dismiss the suit when it finds that the plaintiff-inmate has not exhausted his administrative remedies." Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004) (emphasis added).

The plaintiff acknowledges that the Okaloosa County Jail utilizes a three-step grievance procedure. This procedure is set out in the Report and Recommendation. The record shows that the plaintiff filed two grievances concerning his allegations, thus satisfying the first step.[1] However, it appears to be undisputed that he did not proceed to the next two steps with either of his grievances. Instead, after filing the initial grievances, he wrote a letter to the Okaloosa County Board of County Commissioners, which he claims is "the highest appeal level."

On this record, it is clear that the plaintiff did not fully and properly exhaust his administrative remedies. Filing two initial grievances did not satisfy the three-step procedure, nor did his writing to the Board of County Commissioners. With respect to the latter, even if the plaintiff could be excused for skipping over the first appeal level and going straight to that so-called "highest appeal level," his

---

[1] The plaintiff originally stated in his complaint that he did not file any grievance with respect to his claims. But, he attached the grievances to his memorandum in opposition to the motions to dismiss. I will assume --- as the Magistrate Judge did --- that the plaintiff had merely forgotten about the two grievances when he filed his complaint.

*CASE NO. 3:08CV350-RV/AK*

argument is unavailing for the Board of County Commissioners is not the highest appeal level (in fact, it is not a level at all). Under the grievance procedure, the facility director provides the "final answer," and the plaintiff does not claim that he appealed to him. Writing a letter to the county commissioners and, in the plaintiff's words, "asking for a [sic] internal investigation," does not qualify as exhaustion. See Kozuh v. Nichols, 185 Fed. Appx. 874, 878 (11th Cir. 2006) ("submitting complaints to the wrong parties --- the FDLE and the attorney generals office --- does not constitute exhaustion"); see also Woodford v. Ngo, 548 U.S. 81, 90, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006) (the law requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly'") (citation omitted); Johnson v. Meadows, 418 F.3d 1152, 1158 (11th Cir. 2005) ("'a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating'") (citation omitted).[2]

The Magistrate Judge thus recommended that the complaint be dismissed for failure to exhaust. In his objection to the Report and Recommendation, the plaintiff does not offer any real reason or justification for his failure to exhaust. He does not claim, for example, that he tried to comply with the administrative appeals process, but the defendants discarded his appeal or otherwise inhibited him from complying. Cf. Boxer X v. Harris, 2009 WL 361112, at *7 (S.D. Ga. 2009) (collecting cases

---

[2] I recognize that in Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007), the Supreme Court held that exhaustion is an affirmative defense and that prisoners are not required to plead and prove exhaustion in their complaint in order to survive dismissal. Nevertheless, nothing in the Jones decision "'precludes a reviewing court from . . . dismissing the complaint . . . where the pleadings and record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit.'" Soler v. Bureau of Prisons, 2007 WL 496472, at *2 (N.D. Fla. 2007) (citation omitted).

*CASE NO. 3:08CV350-RV/AK*

"for the simple proposition that prison officials should not benefit from conduct which inhibits an inmate from properly exhausting administrative remedies"). The only argument that he makes which could be reasonably construed as justification for his failure to exhaust is the claim that he did not receive any response to his initial grievances. The jail's failure to timely respond, if true, violates the grievance procedure to the extent that (as noted in the Report and Recommendation) initial grievances were supposed to be reviewed and answered by the Grievance Officer within seven working days.

Several circuits have generally held that a facility's failure to comply with its own procedures (such as failing to timely respond to a grievance) can excuse what would otherwise be a failure to exhaust. These courts reason that because an inmate is required to exhaust only those remedies "available" to him, when the facility fails to respond to the grievance, administrative remedies are no longer "available" and, therefore, the claim is deemed exhausted. This is the law --- or at least it was the law --- in six circuits. See, e.g., Powe v. Ennis, 177 F.3d 393 (5th Cir. 1999) ("A prisoner's administrative remedies are deemed exhausted when a valid grievance has been filed and the state's time for responding thereto has expired") (citing Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998)); Boyd v. Corrections Corporation 380 F.3d 989 (6th Cir. 2004) ("we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance"); Lewis v. Washington, 300 F.3d 829 (7th Cir. 2002) ("administrative remedies [are] exhausted when prison officials fail to respond to inmate grievances because those remedies had become 'unavailable'"); Foulk v. Charrier, 262 F.3d 687 (8th Cir. 2001) (holding "once [the prison] failed to respond to [the grievance], no further administrative proceedings were 'available' to him"); Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005) ("'we refuse to interpret the PLRA so narrowly as to . . . permit prison officials to exploit the exhaustion requirement

through indefinite delay in responding to grievances'") (quoting Lewis, supra); Jernigan v. Stuchell, 304 F.3d 1030 (10th Cir. 2002) ("failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable").

The Eleventh Circuit has acknowledged the law of these other circuits, see Bryant v. Rich, 530 F.3d 1368, 1373 n.6 (11th Cir. 2008) (referring to the "other courts" which have held that remedies are "not available to an inmate if prison officials to do not respond to grievances"), but it has so far declined to adopt that position, even though it was recently asked to do so. See Burgest v. United States, 316 Fed. Appx. 955 (11th Cir. 2009) (invited to weigh in on the issue and join the other circuits, but instead opting to decide the case on an alternative ground). The question, therefore, appears to be open in this circuit. In the absence of direct guidance from the Eleventh Circuit, district courts within the circuit have reached different conclusions. Some district courts have followed the circuits cited above, see, e.g., Green v. Roberts, 2008 WL 4767471, at *4 (M.D. Ala. 2008), while other district courts have expressly declined to do so. For example, the district court stated in Jammes v. Alachua County Jail, 2007 WL 2826069, at *5 (N.D. Fla. 2007):

> The holding in Lewis v. Washington, 300 F.3d 829 (7th Cir. 2002) [and the other cases cited], that failure to respond to grievances makes the remedy unavailable, is not the law of the Eleventh Circuit, which has recently been upheld by the Supreme Court. Woodford v. Ngo, 126 S. Ct. 2378. In Woodford, the Supreme Court referred to exhaustion as the "centerpiece" of the PLRA, "an invigorated exhaustion provision," and cited with approval the Eleventh Circuit's position that exhaustion is a mandatory provision, no longer left to the discretion of the district court, and that a prisoner must complete the process as the institution requires, including appeals. Id., at 2384. The policies cited by the Court for making exhaustion mandatory are that it provides prisoners with an effective incentive to use the process, which gives the institution a fair opportunity to correct its own errors;

and thereby, reduces the number of prisoner suits and improves the quality thereof. Id., at 2387-2389.

Plaintiff contends that he did not pursue his administrative remedies because he never got a response to the first step. Accepting this excuse and Plaintiff's argument that this inaction on the part of the institution renders the process "unavailable" within the meaning of the PLRA would completely undermine the effectiveness of a grievance procedure and is wholly contrary to the rationale expressed by the Supreme Court in Woodford. If Plaintiff failed to receive a response to his initial grievance, then he should have sought administrative relief on this ground, too, to give the institution the opportunity to remedy this problem as well. The very requirement that an inmate appeal the problems to the higher echelon of the facility offers a better chance of getting relief by getting the attention of those not involved in the immediate supervision of the inmates, but who are responsible for supervision of the officers and other personnel.

I agree with the above analysis. It would be inconsistent with the overall holding of Woodford to allow the plaintiff to ignore the second step (and appeal to the wrong party at the third step) simply because, for whatever the reason, the facility did not timely respond to his initial grievances. The plaintiff does not claim that there was anything preventing him from taking his claim further up the administrative chain, as the rules and regulations contemplated. It is possible that the first level of appeal, or the second level of appeal to the facility director, could have addressed his underlying complaints and the jail's initial failure to respond to those complaints. In any event, as the district court held in Jammes, supra, under both Supreme Court and Eleventh Circuit case law, "exhaustion of administrative remedies is mandatory, and the undersigned does not have discretion to waive this requirement." 2007 WL 2826069, at *1.

Accordingly, it is hereby

**ORDERED AND ADJUDGED**:

1. The Magistrate Judge's Report and Recommendation is adopted and

*CASE NO. 3:08CV350-RV/AK*


incorporated by reference in this order.

    2. All pending motions (docs. 62, 64, 65, 66, 67, 68) are denied as moot, and this case is dismissed.

    **DONE AND ORDERED** this 18th day of February, 2010.

                      /s/ Roger Vinson
                      **Roger Vinson**
                      **Senior United States District Judge**