UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDWARD WILLIAM WALLACE, SR.,

    Plaintiff,

v.                                                    Case No. 3:08-cv-350-RV-AK

PAT HANRATTY, et al.,

    Defendants.

_____

## ORDER

      The Court dismissed this pro se, in forma pauperis, prisoner civil rights case pursuant to Defendants' motion because Plaintiff failed to properly exhaust the Okaloosa County Jail's administrative remedies before filing suit. Doc. 72. The Court determined that Plaintiff filed two grievances at the initial step of the three-step administrative remedy process, but failed to properly pursue his claims through the second and third levels of review. Id. Plaintiff appealed and now moves for appointment of counsel and for leave to appeal as a pauper (Docs. 83 and 84).

      The Court denied Plaintiff's previous two requests for appointment of counsel. See Docs. 31, 49. For the reasons stated in those orders, the instant motion for appointment of counsel, Doc. 83, is **DENIED.**

      Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." See also Fed. R. App. P. 24(a). The Court finds that Plaintiff's appeal is not taken in good faith, inasmuch as Plaintiff has identified no nonfrivolous issue for appeal. See Doc. 76; Fed. R. App. P. 24(a)(1) (party seeking leave to appeal in forma pauperis must file an affidavit claiming entitlement to redress and stating issues

the party intends to present on appeal). Plaintiff identifies no cognizable basis for appealing the Court's determination that dismissal for failure to exhaust is mandated under the circumstances presented. See Docs. 72, 76; Bilal v. Driver, 251F.3d 1346, 1349 (11th Cir. 2001) (IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact."). Because the Court has certified that Plaintiff's appeal is not taken in good faith, the motion for leave to appeal as a pauper (Doc. 84) is **DENIED.**

Pursuant to Fed. R. App. P. 24(a)(5), Plaintiff has 30 days from the date of service of this order within which to file a motion for leave to proceed as a pauper in the Court of Appeals. Alternatively, Plaintiff may pay to the **District Court Clerk** the $455 appellate docket and filing fees. Upon notification that Plaintiff has filed a motion in the Court of Appeals pursuant to Fed. R. App. P. 24(a)(5) contesting the Court's certification, the Court will enter an appropriate order assessing the initial partial filing fee and ordering payment of the balance of the filing fee pursuant to the PLRA. See Baugh v. Taylor, 117 F.3d 197, 202 & n.22 (5th Cir. 1997) (noting that the filing of a motion contesting the district court's certification that an appeal is not taken in good faith is a filing for purposes of the PLRA that triggers the financial screening and assessment procedures).

Finally, the Court notes that Plaintiff filed a Prisoner Consent Form but failed to have the Financial Certificate completed by an authorized jail official, and failed to file an Affidavit of Indigency and a computer printout reflecting all transactions in his account for the preceding six months. See Doc. 84. If Plaintiff elects to file a motion in the Court of Appeals pursuant to Fed. R. App. P. 24(a)(5), such deficiencies must be corrected so that this Court may complete the PLRA financial screening and fee assessment procedures.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Plaintiff's motion for appointment of counsel, Doc. 83, is **DENIED**.

2.  The Court certifies that Plaintiff's appeal is not taken in good faith, and accordingly the motion for leave to appeal in forma pauperis, Doc. 84, is **DENIED.**

3.  The **Clerk** shall serve this Order upon the parties and the Court of Appeals, pursuant to Fed. R. App. P. 24(a)(4).

4.  Plaintiff shall have until **May 10, 2010**, to either pay the full appellate docketing and filing fees, or file a motion in the Court of Appeals pursuant to Fed.R. App. P. 24(a)(5), in which case the deficiencies in his IFP motion must also be cured.

**DONE AND ORDERED** this 9th day of April, 2010.

/s/ *Roger Vinson*
**Roger Vinson**
**Senior United States District Judge**